C. D. ELLIOTT *v.* JOHN M. BASS, *et als.*

ARBITRATION. Where a case has been submitted to arbitration by the parties, under an agreement that the award should be made in this Court, and objection is made in this Court that the award was not stamped:

*Held*, that there is nothing in the objection, and if there were, it is cured by the Court below permitting it to be stamped in Court. Unless errors are apparent on the face of the award, they must be pointed out specifically.

Case cited: Bone *v.* Rice *et als.*, 1 Head, 151.

FROM DAVIDSON.

Appeal from the Chancery Court. DAVID CAMPBELL, Chancellor.

No briefs appear in this case.

FREEMAN, J., delivered the opinion of the Court.

In the view we have taken of this case, it is unnecessary to notice but one question presented by the record. After the case had been pending for some time, an agreement of record was entered into, by which it was submitted to the Hon. E. H. Ewing, as special chancellor or arbitrator. It was further agreed that his acts and decisions, both interlocutory and final, should bind the parties in as full and ample a manner as if made by the regular Chancellor, and should then be made the decree of the Court; the decree thus made to be final without appeal, the parties agreeing not to appeal, or sue out a writ of error.

Mr. Ewing took the case, heard it on the papers and proof, and gave an opinion settling the rights of the parties. This award was filed in Court, and a motion made by the defendants to enter it as the decree of the Court, which was resisted by Elliott. The only ground of objection set out in the record is as follows: "That Elliott objected that the award was not stamped, and that there were errors of law and fact apparent on the face of the award, upon which it should be set aside." All parties have treated this as a submission of the case to arbitration, and as such it must be decided. In the case of *Bone* v. *Rice, et als*, 1 Head, 151, it was held by this Court that no appeal lay to this Court, that this Court could not take jurisdiction of an appeal to reverse an award made by arbitrators, although it was provided in that

case that the award was to be the judgment of the Court; and it was expressly provided that the award was to be subject to an appeal to this Court by either party: That was a case at law, it is true, and some of the reasoning of the Court applies peculiarly to cases at law, as the difficulty of making up a bill of exceptions. Yet the Court add reasons equally applicable to a case in · Chancery, saying : " Our jurisdiction is confined to appeals from judicial tribunals, and has never been extended to cases out of Court." However, passing from this question without deciding it either way, the question is, whether there is anything in the objections to the award for which it can be set aside. It is well settled that objections may be taken to an award, when presented to the Court, and asked to be made its judgment. Such objections, if apparent on the face of the award, must be pointed out specifically. If for matters *dehors* the decree, the like practice must be pursued, and the grounds pointed out distinctly, so that proof can be taken on the question thus raised, and then from the decision of the Court on this question an appeal will lie to this Court. The only objection pointed out in this case is the want of a stamp, which has nothing in it, and if it had, was cured by the · Court allowing the same to be stamped in the Court. The statement that there were errors in fact and law on the face of the award amounts to nothing, as it fails to designate in any way what such errors were. The decision of this question is conclusive of the case, and the decree of the Chancellor must be affirmed with costs.